Joseph Sloneem, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 5, 1981, before Judges MENCER, CRAIG and MacPHAIL, sitting as a panel of three.

*Joseph Sloneem,* petitioner, for himself.

*Carolann Askham,* Legal Assistant, with her, *Jean E. Graybill,* Counsel, for respondent.

OPINION BY JUDGE CRAIG, August 12, 1981:

Petitioner Joseph Sloneem questions an order of the Department of Public Welfare (DPW) affirming a decision of the Columbia County Board of Assistance (CCBA) to discontinue petitioner's cash assistance and to decrease his food stamp benefits because of his income from employment.

After his appeal to this court from the DPW determination, the petitioner on April 3, 1981 acknowledged by his signature that the chief clerk had notified him

of the date, time and place set for argument of the matter before us. The petitioner failed to appear for oral argument, however, and our chief clerk's records disclose no request by the petitioner to submit the case on briefs.

Consequently pursuant to Pa. R.A.P. 2314, we dismiss the case for the petitioner's failure to proceed according to rule.

Even if we were to consider the case on the merits, we would affirm. By accepting full-time employment on a basis exceeding the 100 hours per month limit stated in 55 Pa. Code §153.44(d)(1), the petitioner was disqualified from eligibility as a recipient of cash benefits specifically provided for families whose dependent children are deprived of support because of a parent's unemployment.

The fact that the petitioner was discharged before he actually worked 100 hours is irrelevant. When the CCBA verified his employment in anticipation of the subsequent benefit payment date, and notified him of the resulting decrease in assistance, the CCBA reasonably could have expected the petitioner's employment to continue. His subsequent dismissal did not retroactively change his status within the meaning of the statute.[1]

ORDER

AND Now, August 12, 1981, the appeal of the petitioner in the above captioned case is dismissed pursuant to Pa. R.A.P. 2314.

---

[1] Of particular relevance is the fact that, as required under 45 C.F.R. §233.21(a), Pennsylvania elected as its budgeting method for assistance payments:

Prospective budgeting, in which all factors of eligibility in the amount of the assistance payment are determined with respect to the month for which the assistance payment is made; the action is based on the agency's best estimates of income and circumstances which will exist in that month.